IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**In the Matter of**: }
Raymond Godbout } Case No. 22-07525
}
}
}
**Debtor(s)** } Hon. Janet S. Baer

## NOTICE OF MOTION

TO:

Glenn B. Stearns, Chapter 13 Trustee, 801 Warrenville Road, Suite 650, Lisle, IL 60532, electronic court notification;

Raymond Godbout, 949 Clarmen Road, Sugar Grove, IL 60554, via U.S. mail;

See Attached Service List.

     PLEASE TAKE NOTICE THAT ON September 2, 2022 at 10:00 am, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Janet S. Baer, APPEAR USING ZOOM FOR GOVERNMENT and present that attached motion and you may appear if you so choose. The Bankruptcy Court will hold a hearing to consider a request by Debtor(s) Counsel for payment of legal fees in the amount of $4,500.00 plus expenses of $358.00 if there are no objections, the Court may confirm the plan and allow fees requested by Debtor's counsel to be paid through the plan

     **This motion will be presented and heard electronically using Zoom for Government.**
No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

     **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

     **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

     **Meeting ID and password.**  The meeting ID for this hearing is 160 731 2971 and passcode 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

# **PROOF OF SERVICE**

     I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service's mail box at 8707 Skokie Blvd., Suite 312, Skokie, IL 60077 on July 19, 2022, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.


/s/ David Freydin                             7/19/2022
David Freydin, Esq                         Date
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL  60077
Phone: 847.972.6157

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1: | **Raymond Godbout** | | Social Security number or ITIN: | xxx−xx−4377 |
| | First Name  Middle Name  Last Name | | EIN: | _ _ − _ _ _ _ _ _ _ |
| Debtor 2: (Spouse, if filing) | | | Social Security number or ITIN: | _ _ _ _ |
| | First Name  Middle Name  Last Name | | EIN: | _ _ − _ _ _ _ _ _ _ |
| United States Bankruptcy Court: | Northern District of Illinois | | Date case filed for chapter: | 13   7/6/22 |
| Case number: | 22−07525 | | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

10/20

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Raymond Godbout | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 949 Clarmen Road<br>Sugar Grove, IL 60554 | |
| 4. | **Debtor's attorney**<br>Name and address | David Freydin<br>Law Offices of David Freydin Ltd<br>8707 Skokie Blvd<br>Suite 312<br>Skokie, IL 60077 | Contact phone 630−516−9990<br>Email: david.freydin@freydinlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Glenn B Stearns<br>801 Warrenville Road Suite 650<br>Lisle, IL 60532 | Contact phone 630−981−3888 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604 | Hours open:<br>8:30 a.m. until 4:30 p.m. except Saturdays, Sundays and legal holidays.<br>Contact phone 1−866−222−8029<br>Date: 7/7/22 |

For more information, see page 2

| Debtor **Raymond Godbout** | | Case number **22-07525** |
|---|---|---|

| 7. Meeting of creditors<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **August 10, 2022 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors must bring a picture ID and proof of their Social Security Number**. | Location:<br>Appear by Zoom. For instructions, visit: www.lisle13.com |
|---|---|---|
| 8. Deadlines<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 10/11/22** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 9/14/22** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 1/3/23** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 9. Filing of plan | The hearing on confirmation will be held on: **9/2/22** at **10:00 AM** , Location: **Appear Using Zoom for Government, Judge Baer. To appear by video, use this link: https://www.zoomgov.com/ or to appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID 160 731 2971 and passcode 587656.**<br>The debtor has not filed a plan as of this date. A copy of the plan will be sent separately.<br><br>**The Disclosure of Compensation has not been filed at this time**<br>Objections to confirmation of the Plan shall be filed at least 7 days prior to the confirmation hearing. If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan. | |
| 10. Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 11. Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| 12. Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| 13. Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: <br> Raymond Godbout <br><br><br><br><br><br> Debtor(s) | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case Number: 22-07525 <br><br> Chapter: 13 <br> Honorable Janet S. Baer <br> Kane |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

Form 13-9 (20170105)

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,500.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$   313.00  for filing fee paid by the attorney with the attorney's funds

$    45.00  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$   358.00  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☐ None

A total of  $ 2,000.00

Date of Application: 7/19/2022

Attorney Signature  /s/ David Freydin

## **EXPENSES**

| Expense | Date Incurred | Total Charge |
|---|---|---|
| Chapter 13 filing fee | 7/6/2022 | $313.00 |
| Credit Report | 7/6/2022 | $45.00 |
|  |  |  |
|  |  |  |
|  | **TOTAL CHARGE** | **$358.00** |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |